**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RACHEL ROSSI | : | |
| PLAINTIFF | : | CIVIL ACTION – LAW |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| WEST PENN TOWNSHIP | : | NO. _____ |
| | : | |
| JAMES BONNER | : | |
| DEFENDANTS | : | |

## COMPLAINT

AND NOW, comes Plaintiff, Rachel Rossi, by and through her counsel, Comerford Law, who files this Complaint, averring as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights protected by the 4th and 14th Amendments to the United States Constitution.

2. Jurisdiction is vested in this Court under the provisions of 28 U.S.C.A. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to adjudicate State Law claims.

3. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because it is where all parties reside and/or do business and where the events complained of herein occurred.

### PARTIES

4. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

1

5.   Plaintiff, Rachel Rossi, is an adult, competent individual who, at all times relevant to this cause of action, resided in the Middle District of Pennsylvania.

6.   Defendant West Penn Township ("Defendant Township") is a municipal corporation and government entity organized and operating under the laws of the Commonwealth of Pennsylvania who owns and operates West Penn Township Police Department ("the Department"), pursuant to Pennsylvania law.

7.   Defendant, James Bonner ("Defendant Bonner") was, at all times relevant to this Complaint, the Chief of Police, employed by Defendant Township, at the Department and was acting under color of state law in the scope of his employment as a police officer.

8.   The Defendants acted willfully, deliberately, maliciously, and/or with reckless disregard of Plaintiff's Constitutional and Statutory Rights.

9.   Defendants engaged in the aforesaid conduct for purposes of violating Defendant's Constitutional rights by subjecting her to excessive force.

**FACTS**

10.  Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

11.  On or about June 28, 2022, Defendant Bonner, while working at the Department, served a 302 warrant for Plaintiff at 5 Chain Circle in New Ringgold, Pennsylvania.

12.  Defendant Bonner entered the residence without knocking or announcing that he was a police officer or that he had a warrant.

13.  Defendant Bonner immediately and aggressively approached Plaintiff, attacking her in a manner that was inconsistent with, unnecessary to, and not in furtherance of, effectuating an unlawful arrest.

14.  In so doing, he violently picked Plaintiff up and slammed her on the ground.

2

15. Plaintiff took no aggressive action toward Defendant Bonner and offered no resistance which would have justified Defendant Bonner's actions.

16. Plaintiff suffered injuries as a result of Defendant Bonner's attack, including, but not limited to, a compression fracture of her L1 vertebrae and severe bruising.

17. Prior to this assault upon Plaintiff, Defendant Bonner had been subjected to numerous excessive force complaints and had continued to be employed by the state police despite all of the same and despite the fact that Defendant Township's policymakers knew of the danger he posed to the public.

18. Defendant Township and its policymakers were supervisors of Defendant Bonner with the power to terminate him and/or restrict his duties.

19. Defendant Township and its policymakers knew of Defendant Bonner's violent propensities and past incidents of excessive force.

20. Despite this knowledge, Defendant Township and its policymakers continued to employ Defendant Bonner as Chief of Police and continued to allow him to act in the field and interact with members of the public, to whom they knew he posed a risk.

21. The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously, and/or with reckless disregard for Defendant's safety.

22. The actions of all Defendants were undertaken in the absence any valid legal basis.

**Count One**
**42 U.S.C. §1983; *Monell* Liability**
**Plaintiff v. Defendant Township**

23. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

24. Defendant Township and its policymakers had the responsibility to establish policy for the Department and their actions and omissions were the actions and omissions of the Department.

3

25.  Defendant Township and its policymakers failed to implement and maintain legal, effective policies; ratified and tolerated improper policies, procedures, and customs; failed to obtain training themselves; and failed to send their subordinates for training relating to the use of excessive force.

26.  Plaintiff believes and therefore avers that the need for such training and supervision under the circumstances described in the body of this Complaint was obvious.

27.  The need for training of Defendant Bonner was particularly obvious to Defendant Township given the prior complaints of excessive force against him.

28.  By the actions and omissions described above, Defendant Township and its policymakers established and maintained policy which directly caused harm to Plaintiff with deliberate indifference to consequences.

29.  Defendant Township and its policymakers knew of Defendant Bonner's violent propensities and the fact that he was a danger to the public.  Despite this, they permitted him to continue to work.

30.  These policies and/or customs evidenced a reckless or callous indifference to the federally protected rights of Plaintiff.

31.  Defendant Township and its policymakers knew the policies they were setting and maintaining by their acts and omissions created an unreasonable risk of a constitutional violation.

32.  Defendant Township and its policymakers were deliberately indifferent to that risk.

33.  As a direct and proximate result of Defendant Township and its policymakers' conduct, committed under color of state law, Plaintiff suffered substantial injuries and/or damages and was deprived of her right to be free from unreasonable seizure, false arrest, excessive force and her right to due process secured by the 4th and 14th Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

## Count Two
## 42 U.S.C. §1983; Excessive Force
## Plaintiff v. Defendant Bonner

34.  Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

35.  Defendant's conduct against Plaintiff, including his unreasonable, excessive force used to seize Plaintiff, constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution and a deprivation of Decedent's due process rights under the Fourteenth Amendment to the United States Constitution.

36.  Defendant's conduct was therefore a deprivation, under color of state law, of rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

37.  Defendant acted with knowledge, intent, malice, and deliberate indifference.

38.  Moreover, the conduct engaged in by Defendant exceeded normal standards of decent conduct and were willful, malicious and outrageous and therefore punitive damages are necessary and appropriate.

39.  The actions of Defendant were not objectively reasonable under the present set of facts and circumstances previously articulated herein.

40.  As a result of Defendant's violations of Plaintiff's Constitutional rights, Plaintiff suffered damages detailed herein.

## Count Three
## Assault
## Plaintiff v. Defendant Bonner

41.  Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

42.  Defendant intended to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with her body.

43.   As a result of Defendant's actions, Plaintiff was put in reasonable and immediate apprehension of harmful and/or offensive conduct.

44.   As a result of Defendant's actions, Plaintiff suffered damages.

**Count Four**
**Battery**
**Plaintiff v. Defendant Bonner**

45.   Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

46.   Defendant contacted Plaintiff in a harmful and offensive manner resulting in injury and/or damages to Plaintiff.

47.   Defendant committed acts upon Plaintiff which impinged on her sense of physical dignity and/or inviolability.

48.   As a result of Defendant's actions, Plaintiff suffered damages.

**Jury Demand**

49.   Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein

50.   Plaintiff demands a jury trial on all issues.

Respectfully Submitted:

COMERFORD LAW

*/s/ Matthew T. Comerford, Esquire*
Matthew T. Comerford, Esquire
matt@comerfordparkins.com

*/s/ Curt M. Parkins, Esquire*
Curt M. Parkins, Esq.
curt@comerfordparkins.com
Attorneys for Plaintiff

538 Biden Street, Suite 430
Scranton, PA 18503
570-880-0777
570-880-0476 (fax)